# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE,

      Plaintiff,

v.                                                                                                                        No. 1:19-cv-00944-WJ-SCY

PURDUE PHARMA HEADQUARTERS, et al.

      Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL AND TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Request for Injunction, Doc. 6, filed November 12, 2019 ("Amended Complaint").

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis*. *See* Order Granting Application to Proceed In Forma Pauperis, Doc. 5, filed November 6, 2019. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

The Court notified Plaintiff that the Complaint fails to state a claim because it fails to state with particularity what each Defendant did to Plaintiff:

> While the Complaint alleges that Defendant Purdue Pharma "played a key role" and "lack[ed] transparency," "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory

allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). There are no factual allegations regarding the other Defendants.

Order at 4, Doc. 5, filed November 6, 2019. The Court explained to Plaintiff that:

> A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") (emphasis added).

and granted Plaintiff leave to file an amended complaint. Doc. 5 at 3-4.

The Court dismisses this case because Plaintiff's Amended Complaint fails to state a claim. Despite the Court's explanation that a complaint must state with particularity what each Defendant did to Plaintiff, there are no factual allegations in the Amended Complaint regarding the named Defendants. Instead, the Amended Complaint states the events giving rise to Plaintiff's claims occurred with "Every Global Citizen receiving Medical RX's from Purdue Pharma" from "1892-Current Date," and that:

> my Genome is the most advanced super human genome to date in which [unnamed] doctors alter my medical records in an attempt to publish me and my findings while not adhering to their care of treatment plan and under medicating me to try to gain access to my genome for their own selfish reasons case in question [Plaintiff] Wilfred Alexander Page (Medical Doctor Dr, Roger Gildersleeve) from his own misunderstandings of how and what drugs are how they are classified and how they work in a persons system.

[sic] Amended Complaint at 5. The Amended Complaint fails to state a claim against the named Defendants and against Dr. Gildersleeve and the unnamed doctors because it does not explain what each named Defendant and doctors did to Plaintiff; when the they did it; how each

2

Defendant's action harmed Plaintiff; and, what specific legal right Plaintiff believes they violated.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See* id.

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Plaintiff has filed eight cases in this Court since late August, 2019. *See Page v. Central New Mexico Treatment Center*, 1:19-cv-00762-MV-SCY (dismissed for lack of subject matter jurisdiction); *Page v. Albuquerque Municipal Mental Health Court*, 1:19-cv-00763-JAP-JHR (dismissed for lack of subject matter jurisdiction; Plaintiff failed to timely supplement his complaint after being notified by the Court that he failed to state precisely the relief he was seeking); *Page v. Albuquerque Metro Detention Center*, 1:19-cv-00924-WJ-SCY (dismissed for failure to state a claim; after the Court notified Plaintiff that his original complaint failed to state

a claim, explained what he needed to allege to state a claim, and granting Plaintiff leave to file an amended complaint, Plaintiff filed an amended complaint that similarly failed to state a claim); *Page v. Albuquerque Police Department*, 1:19-cv-00925-JB-JFR (pending; the Magistrate Judge notified Plaintiff that the complaint failed to state a claim and granted Plaintiff leave to file an amended complaint); *Page v. University of New Mexico*, 1:19-cv-00926-RB-JHR (dismissed for failure to state a claim; after the Court notified Plaintiff that his original complaint failed to state a claim, explained what he needed to allege to state a claim, and granting Plaintiff leave to file an amended complaint, Plaintiff filed an amended complaint that similarly failed to state a claim); *Page v. Purdue Pharma Headquarters*, 1:19-cv-00944-WJ-SCY (dismissed for failure to state a claim; after the Court notified Plaintiff that his original complaint failed to state a claim, explained what he needed to allege to state a claim, and granting Plaintiff leave to file an amended complaint, Plaintiff filed an amended complaint that similarly failed to state a claim); *Page v. Goolsby-Lucero*, 1:19-cv-01023-RB-SCY (dismissed for failure to timely comply with Court order to pay the filing fee or file an application to proceed *in forma pauperis*); *Page v. Trump*, 1:19-cv-01027-MV-JHR (dismissed for failure to state a claim); *Page v. Microsoft Corporation*, 1:19-cv-01081-KG-KRS (dismissed because Plaintiff failed to timely comply with Court Order to pay the filing fee or file an application to proceed *in forma pauperis*).

Plaintiff has: (i) ignored the Court's instructions regarding properly stating a claim and has repeatedly filed complaints and amended complaints that fail to state a claim; and (ii) failed to comply with Court Orders to timely pay the filing fee or file an application to proceed *in forma pauperis*. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or

reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

      Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely

response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) This case is **DISMISSED with prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**